UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CAMPBELL STREET COMPLEX L.L.C., ) <br> an Indiana limited liability company, ) <br> individually and as the representative ) <br> of a class of similarly situated persons, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> DISCOUNT TWO WAY RADIO, ) <br> CORPORATION ) <br>  ) <br> Defendant. ) | Cause No. 2:21-CV-57-PPS-JEM |

**OPINION AND ORDER**

Plaintiff Campbell Street Complex L.L.C. brings this action on behalf of themselves and all others similarly situated against Defendant Discount Two Way Radio Corporation. Plaintiff alleges that the Defendant violated the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Action of 2005 in sending out unsolicited faxes. This matter is before the Court on the Plaintiff's pending Motion to Certify Class [DE 2], filed on February 16, 2021. To date, there has been no response by the Defendant to the Plaintiff's Motion.

The law in this Circuit used to be that when a plaintiff received an offer of judgment for full relief requested, the claim became moot. *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011), *overruled in part by Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015). In the class action context, mooting the claim of a would-be class representative could head off the specter of a larger case. Plaintiffs typically avoided

this result by filing a "placeholder" motion for class certification. The pending Motion would serve to protect a putative class from attempts to buy off the named plaintiffs. *Id.* Meanwhile, "[i]f the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation." *Id.* It appears that the Plaintiff filed such a placeholder in this case.

After *Chapman*, the premature filing of a motion for class certification is no longer necessary to prevent buy-off because a defendant's offer of compensation does not moot the litigation or otherwise end the Article III case or controversy. *Chapman*, 796 F.3d at 787. The Court further finds that filing a motion that the parties are not yet ready to support or defend, and upon which the Court is not yet able to rule, does not promote the efficient administration of justice. In this case, Plaintiff may still amend its pleadings, which will require another response from the Defendant. Additionally, defendants have not yet appeared in this case and there is no indication that the certification issue is ripe for adjudication.

The Court, finding no reason to consider the certification issue at this time, **DENIES** the Motion to Certify Class [DE 2] as **PREMATURE**, but **WITHOUT PREJUDICE** to refiling at the appropriate juncture of the case.

**SO ORDERED on February 19, 2021.**

s/ Philip P. Simon
JUDGE PHILIP P. SIMON
UNITED STATES DISTRICT COURT
